UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TROY LUCAS,

                Petitioner,

-against-

COMMISSIONER OF OFFICE OF MENTAL HEALTH,

                Respondent.

21-CV-10675 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner Troy Lucas, who is currently a patient in the Manhattan Psychiatric Center, a New York State facility, brings this petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. By order dated December 17, 2021, the Court granted Petitioner's application to proceed *in forma pauperis* (IFP). For the reasons set forth below, the Court denies the petition.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from

compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner brings his claims using the court's form, Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. He checks the box on the form to indicate that he is a pretrial detainee and states that he is being held by the Office of Mental Health at Manhattan Psychiatric Center. (ECF 2, at 1.) In response to the question on the form asking him to state the decision or action that he is challenging, Petitioner writes, "Robert Franklin has a restraining order by me, + it has been five years now, + he is still at residence/workplace." (*Id.* at 2.) Petitioner alleges that he appealed that "decision" to the Office of Mental Health on October 15, 2021, and that the "result" was "$75,000." (*Id.* at 3.) In the space on the form where Petitioner is asked to state the issues raised on the appeal, he writes, "Violation of order of protection endangering the lives of people committing terrorist acts just like the rushins [sic]." (*Id.*)

Petitioner alleges that he filed a second appeal with the "Appellate Division" on October 18, 2021, and that the "result" of that appeal was "$75,000 plus $1,000 of stolen property." (*Id.*) Petitioner lists the "[i]ssues raised" as: "Robert Franklin stole history that I need to compare with other histories, he claims to be the head of Illuminati, professes to be OG Mack of blood gang." (*Id.*) Finally, Petitioner alleges that he filed a third appeal in this court on October 18, 2021, and lists the following "issues" raised: "fugitive slave act of 1850[,] Dred Scott Decision[,] patriot act[.]"[1] (*Id.*)

---

[1] Court records show that on October 13, 2021, Petitioner filed two petitions for a writ of *habeas corpus* in this court, both of which were dismissed and neither of which appears related to this petition. *See Lucas v. Comm'r of OMH*, ECF 1:21-CV-8484, 4 (S.D.N.Y. Nov. 16, 2021) (denying petition under 28 U.S.C. § 2254 in which Petitioner appeared to challenge the conditions at Manhattan Psychiatric Center); *Lucas v. Booker*, ECF 1:21-CV-8475, 4 (S.D.N.Y.

2

In response to the questions on the form asking him to state the grounds supporting his claim that he is being held in violation of the Constitution, laws, or treaties of the United States, Petitioner states for Ground One: "Robert Franklin has touched my butt knowing he has a rape charge on a 10 year old boy + he has a restraining order by me." (*Id*. at 6.) Where he is asked to described facts supporting this ground for relief, Petitioner writes, "Wong v. United States (KKK cases of 1836)[,] Brown v. Board of education of 1951-1952[,] Plessy v. Ferguson[,] fugitive slave act of 1850[,] no cruel nor unusual punishment." (*Id.* at 7.)

For his second ground for relief, Petitioner writes, "Robert Franklin stole $1,000 worth of goods from me plus violated my rights by violating hippa law, plus he revealed Blackman is God." (*Id.*) Petitioner lists the following as supporting facts: "citizenship abolishment of slavery[,] Double Jeopardy[,] freedom of religion[,] freedom of speech[.]" (*Id.*)

For his third ground for relief, Petitioner writes, "If he has a rape charge I blame the commissioner for heaving such savage beyond 3/5ths, how did his application pass albany." (*Id.*) As supporting facts, Petitioner writes, "3+4 amendment where I can impeach any state official out of office, plus its not in contract or policies that states I can't fire anyone from office." (*Id.*)

In the section of the form asking him to state the relief he seeks, Petitioner writes, "Give Robert Franklin federal + state time for acts against humanity." (*Id.* at 8.)

## DISCUSSION

Under Section 2241(c)(3), *habeas corpus* relief is available to a person "in custody in violation of the Constitution or laws or treaties of the United States." A prisoner in state custody must generally challenge his confinement in a *habeas corpus* petition under 28 U.S.C. § 2254,

---

Nov. 16, 2021) (denying petition under 28 U.S.C. § 2241 in which Petitioner alleged, among other things that "Local Rapper Kevin Booker" infringed on Petitioner's copyrighted material).

but such relief is available under Section 2241 as to a state pre-trial detainee challenging his custody as unlawful under the Constitution or federal law. *See, e.g.*, *McDonough v. Smith*, 139 S. Ct. 2149, 2157 n.6 (2019) (noting that "a petition for a writ of habeas corpus . . . is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, . . . including confinement pending trial before any conviction has occurred") (internal citations omitted); *Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012) ("Section 2241 is available to state pre-trial detainees challenging their custody as being in violation of the Constitution or federal law."); *Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011) (noting the Second Circuit has never "squarely addressed" the issue and holding that § 2241 is the proper avenue for a pretrial petition for a writ of habeas corpus), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11-CV-6082, 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011) (holding that Section 2241 is the proper basis for pretrial *habeas* relief and noting that "[i]n at least one case, the Second Circuit has recognized that § 2241 is available to state pre-trial detainees." (citing *United States ex rel. Scranton v. New York*, 532 F.2d 292, 293 (2d Cir. 1976) (treating pre-trial application to bar state court retrial following a mistrial on speedy trial grounds as a Section 2241 petition))), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order); *see also Yellowbear v. Wyoming Atty. Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Section 2241 is a vehicle for challenging pretrial detention . . . or attacking the execution of a sentence." (internal citations omitted)).

Whether state pretrial detainees may also challenge conditions of confinement in a Section 2241 petition is an open question, not addressed by the Second Circuit. *See McPherson v. Lamont*, 457 F. Supp. 3d 67, 75-78 n.3 (D. Conn. 2020) (noting that "eight of the eleven

4

circuits that have addressed the issue have concluded that claims challenging prison conditions cannot be brought in a § 2241 habeas petition, but must instead be brought under § 1983").[2]

Here, Petitioner brought his claims using a Section 2241 petition form, but nothing in his submission suggests that he is seeking *habeas corpus* relief under Section 2241. Petitioner checks a box to indicate that he is a pretrial detainee, but he does not allege that he is in custody in connection with a criminal charge. In response to the question on the Section 2241 petition form asking him to state his "[p]lace of confinement," Petitioner writes "Office of Mental Health" and he provides the address for the Manhattan Psychiatric Center. (ECF 2, at 1.) He does not, however, allege facts suggesting that he is confined pursuant to a civil commitment order or that he is challenging the validity of any such confinement.[3] Finally, nothing in Petitioner's submission suggests that he is challenging his conditions of confinement at the Manhattan Psychiatric Center. Because Petitioner does not allege that he is in custody in violation of the Constitution or laws of the United States, the Court denies the petition.[4]

---

[2] Federal prisoners challenging the conditions of their confinement and seeking injunctive relief may do so in a petition brought under 28 U.S.C. § 2241. *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008); *see, e.g., Ilina v. Zickefoose*, 591 F. Supp. 2d 145, 150 (D. Conn. 2008) (noting that "the Second Circuit has repeatedly and consistently held § 2241 to be a proper vehicle for asserting conditions-of-confinement claims, without limitation").

[3] A challenge to an involuntary civil commitment may be brought under 28 U.S.C. § 2254. *See Buthy v. Comm'r of Office of Mental Health of New York*, 818 F.2d 1046, 1051-52 (2d Cir. 1987) (petitioning for a writ of *habeas corpus* pursuant to § 2254 is the appropriate method for an individual to challenge the fact or duration of his involuntary civil commitment to a state psychiatric institution); *Roache v. McCulloch*, No. 19-CV-1069, 2019 WL 4327271, at *3 (N.D.N.Y. Sept. 12, 2019). On the same day that Petitioner filed this action, however, he also filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. Although his submission was not a model of clarity, Petitioner's allegations in that petition suggested that he was challenging a state-court order directing that he receive Assisted Outpatient Treatment. *See Lucas v. Comm'r of Mental Health*, ECF 1:21-CV-10676, 2 (S.D.N.Y. Jan. 3, 2022). By order dated January 3, 2022, the Court denied the petition because Petitioner did not allege that he was in custody in violation of the Constitution or laws of the United States. ECF 1:21-CV-10676, 4.

[4] If Petitioner seeks to bring a claim against Franklin, he is free to file a new civil action. If Petitioner files a new civil action against Franklin, he must allege facts demonstrating that the

## CONCLUSION

The Court denies the petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:   January 10, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

---

court has subject matter jurisdiction to consider his claims. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.